UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAURICE CIVITARESE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 16-40129-TSH |
| | ) |
| RAYMOND MARCHILLI, | ) |
| | ) |
| Respondent. | ) |

ORDER PUSUANT TO 18 U.S.C. § 3006A(a)

July 11, 2017

Hennessy, M.J.

This matter was referred to the undersigned by District Judge Hillman for a decision on Petitioner Maurice Civitarese's motion for appointed counsel in connection with his habeas corpus petition. (Docket #27). For the reasons stated below, the motion (Docket #18) is denied.

**I.      Background**

Pro se petitioner Civitarese is in custody in the North County Correctional Institution in Gardner, Massachusetts. (Docket #1). After a jury sitting in Middlesex County Superior Court found Civitarese guilty of four counts of Rape of a Child and other offenses, Superior Court Associate Justice Thomas F. Billings sentenced Civitarese to serve nine to thirteen years for Rape of a Child and, for other offenses of conviction, imprisonment to run concurrently and probation. (Docket #1; Docket #26 at 3-4). Civitarese filed a motion for a new trial alleging ineffective assistance of counsel. (Docket #1 at 10-11; Docket #26 at 4). The trial court held an evidentiary hearing at which Civitarese and his trial attorney testified. (Docket #26 at 4). The motion was

1

denied and consolidated with his pending appeal. (Docket #26 at 4; Docket #1 at ¶ 11). The Massachusetts Appeals Court affirmed Civitarese's conviction and the denial of his motion for a new trial. (Docket # 26 at 4; Docket #1 at ¶ 9)

Civitarese filed the instant petition on September 12, 2016, alleging that trial counsel was constitutionally ineffective for (1) promising in his opening statement, and then failing during trial, to present third party culprit evidence; and (2) advising Civitarese not to testify in his own behalf. (Docket #1 at ¶ 12). The Commonwealth filed an answer and supplemental answer which included the transcripts of the proceedings and other filings. (Docket # 15 and #17). On January 3, 2017, Civitarese filed the instant motion for appointment of counsel. (Docket # 18). While the motion was pending, Judge Hillman entered a scheduling order directing Civitarese to file his memorandum of law in support of the petition on or before March 15, 2017, and for the Commonwealth to respond sixty days later. (Docket #22). Civitarese thereafter moved to enlarge the time to file his memorandum, which Judge Hillman allowed. (Docket #23 and #24). On March 27, 2017, Civitarese filed his memorandum of law, and the Commonwealth filed its responsive memorandum on April 21, 2017. (Docket #25 and #26). On June 16, 2017, the court sent Civitarese a financial affidavit to complete in support of his motion for appointed counsel. See 18 U.S.C. § 3006A. On June 29, 2017, the court received Civitarese's executed financial affidavit. (Docket #28).

**II.   Discussion**

The Sixth Amendment right to counsel does not apply to habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555-67 (1987). In Finley, the Court held that there is no constitutional right to counsel in state collateral proceedings after exhaustion of direct appellate review. See id.; see also Coleman v. Thomson, 501 U.S. 722, 756-57 (1991) (affirming Finley

and holding that petitioner did not have a constitutional right to counsel on appeal from state habeas trial court judgment). Accordingly, the Criminal Justice Act provides in relevant part that a magistrate judge may appoint counsel for a financially eligible person seeking relief under Section 2254 if "the interests of justice so require." See 18 U.S.C. § 3006A(a)(2)(B). In determining when the interests of justice require appointment of counsel, courts consider whether petitioner has presented a colorable claim, the complexity of the legal issues, the intricacy of the factual issues, and the petitioner's ability to represent himself. See United States v. Guadalupe-Quinones, 65 Fed. Appx. 329, 333(1st Cir. 2003) (finding these factors to be satisfied and directing district court to appoint counsel should defendant pursue his Sixth Amendment claim due to a conflict of interest of counsel); United States v. Maia, 7 F.3d 1058, 1063-64 (1st Cir. 1993) (where there is a fair likelihood of success on a constitutional claim, the claim is factually complex and legally intricate, the facts are largely undeveloped and petitioner is severely hampered in his ability to investigate them, this seems to be "the rare section 2255 case in which the appointment of counsel is warranted"); Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995) (no abuse of discretion in denying habeas petitioner appointed counsel when petition not factually or legally complex and petitioner capable of investigating and presenting claims). On the other hand, if the court decides to conduct an evidentiary hearing on the petition, the interests of justice will require appointment of counsel. See Rule 8(c) of the Rules Governing Section 2254 Cases ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

Applying the foregoing factors here, I find that the interests of justice do not require the appointment of counsel. As noted, Civitarese claims that trial counsel was constitutionally ineffective for (1) promising in his opening statement, and then failing during trial, to present third

party culprit evidence; and (2) advising Civitarese not to testify in his own behalf. I assume for purposes of analysis that Civitarese has presented a colorable claim. There is no request, or apparent need, for an evidentiary hearing. Indeed, the factual record appears to be well-developed as a result of Civitarese's motion for a new trial, the resolution of which involved an evidentiary hearing at which both he and his trial attorney testified. (Docket #26 at 4). This record is fully available to Civitarese: in its supplemental answer, the Commonwealth has manually filed the relevant state court briefs, post-conviction motions, opinions, and trial transcripts as required by Rule 5 of the Rules Governing Section 2254 Cases. (Docket #15 and 17). Thus, there does not appear to be a need for discovery or further factual development. In addition, as far as the factual predicate for the claims raised in Civitarese's petition is concerned, it is not complicated. In his petition, Civitarese has succinctly articulated how, in his view, counsel's performance fell below an objective standard of reasonableness. Relatedly, I also find that the legal issues are not complex or beyond petitioner. Petitioner has raised these same claims in the trial court on his motion for a new trial and before the Massachusetts Appeals Court. They are clearly and succinctly articulated in Civitarese's petition and memorandum of law. Indeed, in conducting this litigation, I note that Civitarese's petition is meticulous in its detail and clearly written, that Civitarese has some familiarity with court process, since Civitarese knew, for instance, to file a motion for an enlargement of time and similarly recognized in his motion for appointment of counsel that it was discretionary. (Docket #18) ("[T]he Criminal Justice Act gives this Court the discretion to appoint counsel where, as here, the interests of justice so require."). Finally, I note that the petition and opposition have been briefed and but for Civitarese's request for oral argument, is ripe for adjudication. Accordingly, I find that Civitarese is positioned to prosecute his Sixth Amendment claims competently and effectively.

### III. Conclusion

The motion for appointment of counsel is therefore DENIED.

It is so ordered.

DATED: July 11, 2017 /s/ David H. Hennessy
David H. Hennessy
U.S. Magistrate Judge